IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACQUE ARMSTRONG,<br><br>                    Plaintiff,<br><br>     vs.<br><br>HY-VEE, INC.,<br><br>                    Defendant. | 4:15CV3085<br><br>**MEMORANDUM AND ORDER** |

       This matter is before the court on an objection to a subpoena *duces tecum* by a third party, the Nebraska Department of Labor, (Filing No. 20), and Defendant's Motion to Compel. (Filing No. 23).

       Plaintiff Jacque Armstrong filed a complaint alleging discrimination in violation of the Nebraska Age Discrimination in Employment Act and the Age Discrimination in Employment Act against her former employer Hy-Vee, Inc. (Filing No. 1 at CM/ECF p. 4). In February of 2016, the Defendant issued a subpoena *duces tecum* to the Nebraska Department of Labor's ("NDL") office of unemployment insurance benefits seeking "documents of any kind, including but not limited to applications, correspondence, investigation materials, interview notes, audio tapes . . ." relating to the plaintiff. (Filing No. 20-1 at CM/ECF p. 1). The defendant contacted the plaintiff prior to serving the subpoena and the plaintiff did not object to the defendant's request. (Filing No. 20-1 at CM/ECF p. 2). On March 2, 2013, NDL filed an objection to the subpoena. (Filing No. 20). In response, Defendant filed a Motion to Compel requesting the court order the Nebraska Department of Labor to produce the subpoenaed documents. (Filing No. 23).

ANALYSIS

The United States Department of Labor mandates that unemployment compensation ("UC") information, including information identifying any individual and his or her past or present employer, must be confidential. 20 C.F.R. § 603.4. The regulations further provide that when a State or a State UC agency is served a subpoena which requires the production of confidential UC information, "the State or State UC agency or recipient must file and diligently pursue a motion to quash the subpoena or other compulsory process if other means of avoiding the disclosure of confidential UC information are not successful or if the court has not already ruled on the disclosure." 20 C.F.R. § 603.7(a). "Only if such motion is denied by the Court . . . may the requested confidential UC information be disclosed, and only upon such terms as the court or forum may order, such as that the recipient protect the disclosed information and pay the State's or State UC agency's costs of disclosure." § 603.7(a).

NDL argues the requested information represents confidential records obtained and compiled pursuant to Nebraska Employment Security Law and are confidential under Neb. Rev. Stat. §§ 48-612 & 48-612.01 and thus the provisions of 20 C.F.R. § 603.7 apply. NDL notes that it may disclose the UC information at the direction of the court. But NDL argues if the court orders NDL to produce the documents it should be compensated in accordance with 20 C.F.R. § 603.8(d).

The defendant responded by filing a Motion to Compel. (Filing No. 23). Typically, unemployment information and records are relevant to claims of wrongful termination and are proper discovery requests. See Moss v. Putnam County Hosp., 860 F. Supp. 2d 659, 660 (S.D. Ind. 2011). And the plaintiff in this matter, whose records are being sought, does not object to the subpoena and disclosure of her UC information.

Under § 603.7, the documents may be disclosed pursuant to a court order. The court finds that disclosure of the documents sought from NDL is authorized by law and the documents are relevant to the current action. As a result, this Court will overrule NDL's objection and order NDL to produce the records sought pursuant to the subpoena. Further, the Court orders the Defendants to designate and treat the information disclosed pursuant to the subpoena as confidential and to reimburse NDL for its costs of copying the subpoenaed documents.

Accordingly, IT IS HEREBY ORDERED

1) Defendant's motion to compel, ([filing no. 23](filing no. 23)), is granted.

2) The objection filed by the Nebraska Department of Labor, ([filing no. 20](filing no. 20)), is overruled.

3) The Nebraska Department of Labor shall produce the records sought pursuant to the February subpoena to the Defendants as outlined in the subpoena within 21 days of this order.

4) Parties shall designate and treat the information disclosed pursuant to the subpoena as confidential and use of the documents shall be limited to this action. Further, the defendants shall reimburse the Nebraska Department of Labor for costs of copying the subpoenaed documents.

Dated this 28th day of March, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge