IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACQUE ARMSTRONG,           ) | Case No.: 4:15-cv003085-JMG-CRZ |
| ) | |
| Plaintiff,           ) | |
| ) | PROTECTIVE ORDER |
| vs.           ) | |
| ) | |
| HY-VEE, INC.           ) | |
| ) | |
| Defendant.           ) | |

    THIS MATTER is before the Court on the parties' Stipulation for Protective Order. The Court finds that the parties are engaged in discovery which may involve, among other things, the production or disclosure of information deemed confidential. Accordingly, the Court finds that this Protective Order should be and hereby is granted as follows.

**FACTS**

    In this matter Plaintiff claims a violation of her rights guaranteed by the Nebraska Age Discrimination in Employment Act and the Age Discrimination and Employment Act of 1967, as amended, 29 U.S.C. Section 621 et seq. Defendant denies the Plaintiff's claims.

    Both Plaintiff and Defendant have requested that the other Party produce in discovery documents which are private and confidential, including but not limited to personal information of current and former employees of and parties who have applied for employment with the Defendant. The parties agree confidential information and documents should be protected as further set forth herein.

**PROTECTIVE ORDER**

    IT IS THEREFORE ORDERED that the documents received and produced by the parties may be utilized in the preparation of the case, but the parties must do so in accordance with the following terms:

    1.    Confidential Information. "Confidential" information as used herein means private and confidential information pertaining to the parties, and other unpublished and confidential information relating to the parties. Such information may include any type or classification of information which is designated as "Confidential" by the supplying party, whether revealed during a deposition, in a document, in an interrogatory answer or otherwise. "Document" as used herein refers to any written, graphic or electronic information, no matter how produced, recorded, stored or reproduced and includes recordings or other electronically stored data, together with the programming instructions and other written material necessary to

understand such recordings and data. In designating information as "Confidential" the supplying party will make such designation only as to that information that that party in good faith believes to be Confidential. All documents and every portion thereof designated as CONFIDENTIAL shall constitute CONFIDENTIAL information for the purposes of this Order and shall be used by the receiving party only for the preparation for and conduct of proceedings herein and not for any business or other purpose whatsoever.

2. Qualified Recipients. For the purposes of this Order, and subject to the provisions of this paragraph, persons authorized to receive "CONFIDENTIAL" information (hereinafter "qualified recipient") shall include **only:**

a) The named parties and members, officers, board members, in-house legal counsel, and directors of the parties;

b) Legal counsel representing the Defendant and legal counsel representing the Plaintiff, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;

c) The Court, court reporters who take and transcribe testimony, as well as necessary secretarial and clerical assistants;

d) Consulting or testifying expert witnesses experts who are assisting counsel in the preparation of this case;

e) Any mediator retained by the parties in an effort to mediate and/or settle the claims of this action;

f) Any litigation assistant, paralegal, stenographic, secretarial or clerical personnel employed by, retained by, or assisting a qualified person in this case;

g) The parties' insurers;

h) Any other persons agreed to by the parties in writing, either as to all or any CONFIDENTIAL information in this case.

Except as provided herein, CONFIDENTIAL information produced in this case shall be disclosed by the receiving party only to Qualified Persons who shall have read this Protective Order. Provided, however, that nothing herein shall prevent disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure. Requests by a party to disclose Confidential Information beyond the terms of this Protective Order shall be made in writing.

3. Maintenance of Confidentiality. CONFIDENTIAL information shall be maintained confidentially by each qualified recipient to whom it is disclosed; shall be used only for purposes of this action and shall not be disclosed to any person who is not a qualified recipient. Each party, each qualified recipient, and all counsel representing any party, shall use

their best efforts to maintain all produced CONFIDENTIAL information in such a manner as to prevent access, even at hearing or trial, by individuals who are not qualified recipients.

4. Copies. CONFIDENTIAL information shall not be copied or otherwise reproduced by the receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further Order of the Court. However, noting herein shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of CONFIDENTIAL information which shall be maintained confidentially under the terms of this Order.

5. Filing Confidential Information. All documents of any nature (including any of the foregoing documents as well as any other documents, including, but not limited to, briefs, motions, memoranda, transcripts, and the like) that are filed with the Court for any purpose and that contain CONFIDENTIAL information shall be filed in accordance with NEGenR 1.3(a)(1)(B) as appropriate for restricted or sealed documents.

6. Depositions. The following procedures shall be followed at all depositions to protect the integrity of all CONFIDENTIAL information:

a) Only qualified recipients may be present at a deposition in which CONFIDENTIAL information is disclosed or discussed.

b) All testimony elicited during a deposition at which CONFIDENTIAL information is disclosed or discussed is deemed to be CONFIDENTIAL information and the transcript shall be designated as CONFIDENTIAL.

c) Material designated as Confidential may be used at a nonparty deposition only if necessary to the testimony of the witness and after a written request as set forth herein.

d) During a deposition, a confidential designation can be made at any time when counsel reasonably believes that testimony regarding confidential information is about to be provided, or alternatively, has been provided. If a party fails to designate deposition testimony as confidential during a deposition, counsel shall nevertheless have ten (10) days following receipt of the deposition transcript to designate any testimony set forth therein as confidential.

7. Trial. Prior to the trial of this action, the attorneys for the parties shall meet and attempt to agree on an appropriate form of order to submit to the Court regarding the confidential status, if any, to be afforded documents, testimony or other information disclosed during the course of the trial.

8. Return or Destruction of Documents. Upon final termination of this proceeding, including all appeals, each party and other Qualified Recipient shall at its option destroy or return to the producing party all original materials produced and designated as CONFIDENTIAL information, and shall destroy, in whatever form stored or reproduced, all other materials

including, but not limited to, pleadings, correspondence, memoranda, notes and other work product materials that contain or refer to CONFIDENTIAL information. This Protective Order shall survive the final termination of this action, and shall be binding on the parties and their legal counsel at all times in the future.

9. Modification. This Order is entered without prejudice to the right of any party to apply to the Court for additional protective, or to relax or rescind any restrictions imposed by this Order when convenience or necessity requires. The existence of this Protective Order shall not be used by any party as a basis for discovery that is not otherwise proper under the Neb. Ct. R. Disc. Inadvertent production by a party or third party of privileged discovery material is not intended to waive any applicable privilege. A party notified by another party or third party of inadvertent production of privileged discovery material will return all copies of such material to the party claiming the privilege within seven (7) days of the receipt of the notification of the inadvertent disclosure. If the receiving party disputes the claim of privilege or the claim the disclosure was inadvertent, the burden is on the receiving party to seek a ruling from the Court on the applicability of the privilege before the materials can be used in any way. In the event of a dispute about the applicability of a privilege, the material shall be treated as Confidential under the terms of this Protective Order pending the resolution of the dispute.

10. Additional Parties to Litigation. In the event additional parties joint or are joined in this action, they shall not have access to CONFIDENTIAL information until the newly joined party, by its counsel has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Stipulated Order.

April 22, 2016.

BY THE COURT:

_Cheryl R. Zwart_
Cheryl R. Zwart
United States Magistrate Judge

Prepared by:
Torrey J. Gerdes, #23924
Baylor, Evnen, Curtiss, Grimit &Witt, LLP
1248 "O" Street, Suite 600
Lincoln, NE 68508
402/475-1075
Attorney for Defendant

Approved By:
Kathleen M. Neary, #20212
Vincent M. Powers & Associates
411 South 13th Street, Suite 300
PO Box 84936
Lincoln, NE 68501-4936
(402) 474-8000
1334967