## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

JACQUE ARMSTRONG,

                    Plaintiff,                                    4:15-CV-3085

vs.

                                                                   ORDER

HY-VEE, INC.,

                    Defendant.

      This matter is before the Court on the plaintiff's Unopposed Motion to Restrict Access (filing 69). The plaintiff's motion will be granted.

      This Court's procedure for restricting access to unredacted documents is set forth in NECivR 5.3(c): A party seeking to file an unredacted document must electronically file a motion to restrict access to the document. NECivR 5.3(c)(1)(A). That motion should explain why restricting access to the document is necessary. *See id.* At the same time, the document to which the party seeks to restrict access should be filed separately as a restricted document. NECivR 5.3(c)(1)(B). The document remains provisionally restricted pending the ruling on the motion to restrict. *Id.* Then, among other things, the Court may grant the motion to restrict, or deny the motion and direct the Clerk of the Court to lift the provisional restriction. *Id.*; *see also* NECivR 5.3(c)(2).

      In this case, that procedure has been honored mostly in the breach: both parties, for instance, have filed "restricted" documents without the provisional restriction, requiring the Court to modify the docket entries for their filings in order to restrict them. *See*, filing 60; filing 61; filing 66; filing 67. And in this instance, in addition, the plaintiff's motion to restrict (filing 69) was filed several days before the documents to be restricted.

      The reason for requiring a document to be filed under restriction at the same time as the motion to restrict is fairly self-evident: how can the Court determine whether the restriction is warranted without being able to review the document? Motions to seal or restrict access are characteristically granted, but not always, because under the common law, judicial records and documents have been historically considered to be open to inspection by the public. *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 573 (8th Cir. 1988); *see also Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). There is a common-law presumption in favor of public access

to judicial records, based in sound public policy considerations. *See United States v. McDougal*, 103 F.3d 651, 657 (8th Cir. 1996); *see also*, *Nixon*, 435 U.S. at 597-98; *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 572 (1980); *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013); *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990); *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986). But court records are often sealed for good reason. *See Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997). So, in each instance when restricted access is requested, the Court must consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access, and balance that interference against the interests served by maintaining confidentiality of the information sought to be sealed. *IDT Corp.*, 709 F.3d at 1222.

Although restricting access to documents at the request of the parties is generally routine, the Court cannot perform its obligation in considering such requests unless it can review the documents. And a party's failure to provisionally restrict such documents when they are filed risks disclosing confidential information during the time between the filing of the document and the Court's attention being drawn to the party's oversight. Accordingly, the parties are advised, for future reference, to more carefully observe the requirements of NECivR 5.3(c)(1).

IT IS ORDERED:

1.  The plaintiff's Unopposed Motion to Restrict Access (filing 69) is granted.

2.  The Clerk of the Court is directed to modify the docket entries for filing 70, filing 71, and filing 72, in order to restrict access to those filings to case participants.

Dated this 21st day of December, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge

- 2 -