IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JACQUE ARMSTRONG,<br><br>               Plaintiff,<br><br>vs.<br><br>HY-VEE, INC.,<br><br>               Defendant. | 4:15-CV-3085<br><br>MEMORANDUM AND ORDER |

     This matter is before the Court on the defendant's motion for summary judgment (filing 51) with respect to the plaintiff's age discrimination claim. The Court will grant the defendant's motion.

BACKGROUND

     The plaintiff, Jacque Armstrong, was employed by the defendant, Hy-Vee, Inc., as a floral department manager at the defendant's grocery store in northeast Lincoln. Filing 53 at 7.[1] She was born in 1957. Filing 54-3 at 142.

     Armstrong's supervisor was the store director, Rod Burns, who assumed that job in October 2012. Filing 53 at 7. After taking over the store, Burns received customer service complaints relating to the floral department that Armstrong managed. Filing 54-2. Those complaints were addressed with Armstrong when they occurred, but on October 31, 2013, Burns met with Armstrong and presented her with a letter setting forth a detailed "list of [Burns'] concerns and minimum standards and expectations of [Armstrong] as the department manager and [her] staff in the floral department." Filing 54-2 at 2, 26-27. The letter, which was signed by Burns and Armstrong and witnessed by two others, advised Armstrong that "any further issues or customer complaints about the floral department could result in [Burns'] decision to make a floral managerial change up to and including termination." Filing 54-2 at 27.

---

[1] Pursuant to NECivR 56.1, a party moving for summary judgment must include in its brief a statement of material facts about which the movant contends there is no dispute, and the party opposing summary judgment must include in its brief a concise response to that statement of facts, noting any disagreement. Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response. NECivR 56.1(b)(1).

Armstrong does not deny that the complaints occurred or that she received the October 31, 2013 letter. *See* filing 61 at 3-4. She has, however, denied the substance of the complaints. A lost order, for instance, she said occurred while she was on vacation. Filing 54-3 at 42. Other incidents, she said, were the fault of other employees. Filing 54-3 at 43-44. And in some instances, according to Armstrong, either the complaint had been unfounded or the customer had been mistaken. Filing 54-3 at 54-55, 66-67.

After that meeting and letter, there was a negative customer care survey and a customer complaint regarding an incomplete order, although Burns might not have been aware of them. *See*, filing 54-2 at 3, 20-22; filing 54-4 at 15. But it is not disputed that on May 22, 2014, a floral department customer called the store and complained to a manager about the service she had received from Armstrong in the floral department. Filing 53 at 9. The manager informed Burns, who directed the manager to write a record of the conversation. Filing 53 at 9. Burns fired Armstrong the next day. Filing 53 at 10. Armstrong's replacement was born in 1981. Filing 66-4 at 12; filing 54-4 at 47. Armstrong claims that she was fired because of her age, in violation of the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, and Nebraska's Age Discrimination in Employment Act, Neb. Rev. Stat. § 48-1001 *et seq*. Filing 14.

## STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.*

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Id.* Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Id.* But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. *Id.* In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis County*, 653 F.3d 745, 751 (8th Cir. 2011). The mere existence of a scintilla of evidence in support of the

nonmovant's position will be insufficient; there must be evidence on which the jury could conceivably find for the nonmovant. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791-92 (8th Cir. 2011). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Torgerson*, 643 F.3d at 1042.

## DISCUSSION

Before discussing the merits of Armstrong's age discrimination claim, it is necessary to establish both the claims at issue and the scope of the record. First, Armstrong has filed a motion to dismiss (filing 58), voluntarily dismissing a retaliation claim asserted in her complaint. The Court will grant that motion, so Armstrong's sole remaining claim is that her termination resulted from unlawful age discrimination.

Second, Armstrong has filed a motion to strike (filing 71), asserting that certain evidence offered in Hy-Vee's reply index "lacks foundation, relevance, materiality and is replete with hearsay."[2] Filing 72 at 5. The parties have since entered into a stipulation (filing 74) that resolves the hearsay objection, and that stipulation will be granted. Armstrong continues to assert objections based on relevance and materiality, but those objections will be overruled. The Court will instead consider Armstrong's arguments as they relate to the weight of the evidence,[3] and will deny her motion to strike.

That brings the Court to the merits of Armstrong's age discrimination claim. The ADEA prohibits discrimination against employees age 40 and over because of their age. *See*, 29 U.S.C. §§ 623(a), 631(a); *Tramp v. Associated Underwriters, Inc.*, 768 F.3d 793 at 798, 800 (8th Cir. 2014). The Nebraska age discrimination statutes offer similar protection, *see* Neb. Rev. Stat. § 48–1004(1)(a), and are interpreted in conformity with the ADEA. *See Billingsley v. BFM Liquor Mgmt., Inc.*, 645 N.W.2d 791, 801 (Neb. 2002). The parties have not separately analyzed Armstrong's state and federal claims, and the Court will apply the same analysis to both.

"[T]he ordinary meaning of the ADEA's requirement that an employer took adverse action 'because of' age is that age was the 'reason' that the

---

[2] Ordinarily, the better practice would be to simply object, rather than move to strike: pursuant to Rule 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." "There is no need to make a separate motion to strike." Rule 56 advisory committee's note to 2010 amendment. But given that the objected-to evidence was filed in conjunction with Hy-Vee's reply brief, the Court understands the position Armstrong's counsel was in.

[3] The Court notes that it does not find the objected-to evidence to be particularly weighty— it was not worth mentioning above, and absent that evidence the Court would still have granted Hy-Vee's motion for summary judgment.

employer decided to act." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009). To establish a claim under the ADEA, a plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial) that age was the "but-for" cause of the challenged employer decision. *Tramp*, 768 F.3d at 800. In other words, whatever the employer's decisionmaking process, a disparate treatment claim cannot succeed unless the employee's protected trait actually played a role in that process and had a determinative influence on the outcome. *Id.* at 801 (citing *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)). This is not to say that age must have been the *only* factor in the employer's decisionmaking process, but only that as among several factors, age was the factor that made a difference. *Id.*

A plaintiff may establish a claim of intentional age discrimination either by offering direct evidence of discrimination or by satisfying the *McDonnell Douglas* burden-shifting framework. *Holmes v. Trinity Health*, 729 F.3d 817, 821 (8th Cir. 2013); *see McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-803 (1973). Armstrong does not claim to have direct evidence, *see* filing 61 at 21, so the Court will apply the *McDonnell Douglas* framework.

Under *McDonnell Douglas*, a plaintiff must first establish a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802; *Tramp*, 768 F.3d at 800. Once the plaintiff establishes a *prima facie* case, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment action. *Tramp*, 768 F.3d at 800. If the employer carries its burden, the presumption is eliminated and the burden shifts back to the employee, who must then prove the employer's asserted reason was merely pretext for discrimination. *Johnson v. Securitas Sec. Servs. USA, Inc.*, 769 F.3d 605, 611 (8th Cir. 2014).

To establish a *prima facie* case of age discrimination, a plaintiff must show she (1) was at least 40 years old, (2) suffered an adverse employment action, (3) was meeting her employer's legitimate expectations at the time of the adverse employment action, and (4) was replaced by someone substantially younger. *Gibson v. Am. Greetings Corp.*, 670 F.3d 844, 856 (8th Cir. 2012); *see Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435 (8th Cir. 2016). Hy-Vee does not dispute that Armstrong was over age 40 at the time of the challenged decision and suffered an adverse employment action, nor that she was replaced by someone younger. *See Hilde v. City of Eveleth*, 777 F.3d 998, 1004 (8th Cir. 2015). Hy-Vee does contend, however, that Armstrong was not meeting Hy-Vee's legitimate expectations,[4] and has

---

[4] At least, that argument is presented in Hy-Vee's reply brief. *See* filing 67. It is far less clear that Hy-Vee questioned Armstrong's *prima facie* case in her initial brief. *See* filing 53. In any event, the caselaw in the Eighth Circuit regarding the "legitimate expectations"

- 4 -

presented evidence that poor customer service, not age, was the reason for Armstrong's termination. In such circumstances, the Court may presume the existence of a *prima facie* case and move directly to the issue of pretext. *Id.*

At the pretext stage, proof that the explanation is false is necessary, but not sufficient, to show a pretext for discrimination under the ADEA. *Tramp*, 768 F.3d at 800. The plaintiff must show that the employer's stated reason was false and that age discrimination was the real reason. *Id.* A plaintiff provides sufficient evidence of pretext by showing that the employer's explanation is unworthy of credence because it has no basis in fact, or by persuading the Court that a prohibited reason more likely motivated the employer. *Hilde*, 777 F.3d at 1004. Either route amounts to a showing that the prohibited reason, rather than the employer's stated reason, actually motivated the adverse action. *Guimaraes v. SuperValu, Inc.*, 674 F.3d 962, 975 (8th Cir. 2012).

At all times, however, the plaintiff retains the burden of persuasion to prove that age was the but-for cause of the adverse employment action. *Johnson*, 769 F.3d at 611; *Hilde*, 777 F.3d at 1004. And the employee's attempt to prove pretext requires more substantial evidence of discrimination than required to make a *prima facie* case because this evidence is viewed in light of the reasons articulated by the employer. *Id.* To survive summary judgment, the employee must both discredit the employer's articulated reason and demonstrate that the circumstances permit a reasonable inference of discriminatory animus. *Id.*

Armstrong offers several reasons why, she says, Hy-Vee's claimed reason for firing her—poor customer service—is pretextual. Primarily, she claims that she was treated unfairly—that customer complaints against her were unfounded and that it was unreasonable to hold her accountable for the acts and omissions of her subordinates. *See* filing 61 at 22. She contends that other managers were not disciplined for what their subordinates did, and that other employees were not terminated for customer complaints. *See* filing 61 at 22-23.

But it is important to remember that the question is not whether Armstrong was treated fairly. The pretext inquiry is "limited to whether the employer gave an honest explanation of its behavior, not whether its action was wise, fair, or correct." *McKay v. United States Dep't of Transp.*, 340 F.3d 695, 700 (8th Cir. 2003). The critical inquiry is not whether Armstrong actually engaged in the conduct for which she was terminated, but whether

---

element of the *prima* facie case is not entirely clear. *See Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 468-70 (8th Cir. 2011). And the Court need not determine whether Armstrong met her initial burden of proving a *prima facie* case if she failed to carry her ultimate burden of proof. *See id.* at 470.

Hy-Vee in good faith believed that Armstrong was guilty of the conduct justifying discharge. *Blackwell*, 822 F.3d at 436; *Johnson*, 769 F.3d at 612. The Court does not sit as a super-personnel department, reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination. *Bone v. G4S Youth Servs., LLC*, 686 F.3d 948, 955 (8th Cir. 2012). The Court may not second-guess an employer's personnel decisions, and employers are free to make their own business decisions, even inefficient ones, so long as they do not discriminate unlawfully. *Haigh*, 632 F.3d at 470-71.

It is true that an employee may demonstrate pretext by showing that it was not the employer's policy or practice to respond to such problems in the way that it responded in the employee's case. *Ridout v. JBS USA, LLC*, 716 F.3d 1079, 1984 (8th Cir. 2013). But in order to show pretext by comparing her treatment to that of other employees, the other employees must be similarly situated in all relevant respects—a rigorous standard. *Nash v. Optomec, Inc.*, No. 16-2186, 2017 WL 780872, at \*4 (8th Cir. Mar. 1, 2017); *see Johnson*, 769 F.3d at 613; *Bone*, 686 F.3d at 956. And to be probative evidence of pretext, the misconduct of more leniently disciplined employees must be of comparable seriousness. *Bone*, 686 F.3d at 956; *see Ridout*, 716 F.3d at 1085. While the search is "for a substantially similar employee, not for a clone[,]" *Ridout*, 716 F.3d at 1085, the individuals used for comparison must have dealt with the same supervisor, been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances, *Johnson*, 769 F.3d at 613.

Armstrong points to complaints that, she says, were ultimately the responsibility of a store manager—the "manager of perishables," who did report to Burns—and notes that he was not disciplined for those complaints. *See* filing 61 at 13-15. But Armstrong has failed to demonstrate that the manager of perishables, who is responsible for several departments of the store, is a comparable position to managing the floral department, nor has she demonstrated that any of those complaints were about his personal treatment of a customer, as was the complaint that precipitated Armstrong's termination. Armstrong also points to a Hy-Vee policy that, she says, permitted disciplinary actions issued to younger high school students to fall off their disciplinary record after a year. Filing 61 at 20. Hy-Vee disputes that characterization of its policy. Filing 67 at 15. But in any event, the Court also finds the situation of high school age students to be distinguishable from that of the floral department manager.

The closest Armstrong comes to finding a similarly situated employee is her own replacement, who she says was permitted to take a different position in the floral department despite "unsatisfactory job performance." Filing 61

- 6 -

at 19. But the record establishes that under Armstrong's replacement, the floral department was failing to meet sales expectations, and as a result, Hy-Vee suggested Armstrong's replacement as floral department manager step back to being a floral designer. Filing 54-4 at 9-10. Permitting a manager to take a less responsible position due to disappointing sales does not prove terminating another manager for poor customer service was pretextual.

Armstrong's evidence, even taken in the light most favorable to her, does not demonstrate that the reason offered for her termination was pretextual. Evidence of pretext and discrimination is viewed in light of the employer's justification, and evidence of discrimination that is merely colorable, or that is not significantly probative, cannot be the basis for a denial of summary judgment. *Wagner v. Gallup, Inc.*, 788 F.3d 877, 886-87 (8th Cir. 2015). And a justification cannot be proved to be a pretext *for discrimination* unless it is shown *both* that the justification was false, *and* that discrimination was the real reason. *Bone*, 686 F.3d at 955. It is true that proof of pretext, coupled with a strong *prima facie* case, may suffice to create a triable question of fact as to whether termination was motivated by intentional discrimination. *Id*. But here, Armstrong's proof of pretext is lacking, her *prima facie* case is not particularly strong, and there is little if anything to suggest that age discrimination was at work.

The ADEA serves the narrow purpose of prohibiting discrimination based on age—it does not prohibit employment decisions based upon poor job performance, erroneous evaluations, personal conflicts between employees, or even unsound business practices. *Haigh*, 632 F.3d at 471. Even if Armstrong was treated unfairly, there is nothing but the barest circumstantial evidence to connect her termination to her age—and that does not suffice to prevent summary judgment. *See Wagner*, 788 F.3d at 887. Hy-Vee's motion for summary judgment will be granted.

IT IS ORDERED:

1. Armstrong's motion to dismiss (filing 58) is granted.

2. The parties' stipulation (filing 74) is granted.

3. Armstrong's motion to strike (filing 71) is denied.

4. Hy-Vee's motion for summary judgment (filing 51) is granted.

5. The plaintiff's complaint is dismissed.

6.  A separate judgment will be entered.

Dated this 7th day of March, 2017.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
United States District Judge